IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNELL JAMES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -V- | § | Civil No. _____ |
| | § | JURY DEMANDED |
| NATIONAL VISION, INC. d/b/a AMERICA'S | § | |
| BEST CONTACTS & EYEGLASSES | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

*TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:*

NOW COMES Ronnell James ("James"), Plaintiff, and files this, his Original Complaint, because his employer, National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses ("NVI/ABCE") subjected him to sexual harassment and then retaliated against him after he opposed and complained about same to management. James contends that Defendant's actions violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and./or the Texas Labor Code, Chapter 21.001 *et seq*. ("TLC Chapter 21").

I.
PARTIES

1. Plaintiff James is an individual who is a citizen of the State of Texas.

2. Defendant NVI/ABCE is a foreign corporation doing business in Texas. NVI/ABCE's designated registered agent for service of process is: The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because this action arises under and presents a federal question pursuant to federal statutes, Title VII, along with supplemental jurisdiction over related state claims. 28 USC § 1331; 28 U.S. Code § 1367. Defendant is a business organization doing business in the State of Texas, and this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4. Venue is appropriate in this Court because the acts giving rise to this case occurred within the geographical jurisdiction area of this Court.

## III.
## FACTUAL ALLEGATIONS

5. James has personal knowledge of all of the following facts.

6. Starting on or about October 7, 2019, NVI/ABCE employed James in the position of Optometrist Tech, with the primary duty of administering eye exams and screenings on customers, at an NVI/ABCE facility located in Collin County, Texas.

7. At all relevant times herein, NVI/ABCE had and has employed a sufficient number of employees to be subject to both Title VII and/or TLC Chapter 21.

8. At the time of James' hiring by NVI/ABCE, and at all relevant times thereafter, he was not informed by anyone at NVI/ABCE, either verbally or in writing, about any anti-sexual harassment policy of NVI/ABCE or what complaint procedures we was supposed to follow if he experienced or observed sexual harassment in the workplace and he never received or was informed of the availability of any NVI/ABCE employment manual.

9. By January 2020, Stacy Taylor ("Taylor"), Eye Contact Manager at the facility where James was employed, was his supervisor, as she managed the contact lens fitting function under which James worked in the exam room, which was confirmed to James by the then-new General Manager of the facility, Monica Shaw ("Shaw").

10. By January 2020, Taylor had become romantically and sexually obsessed with James, engaging in repetitive sexually suggestive comments, kissing, hugging and offensively touching James, which statements and actions he repeatedly made clear to her were unwelcomed.

11. As soon as Shaw began working as the new General Manager of the facility, James voiced his opposition and complained to Shaw about Taylor's unwelcomed sexual harassment and requested a transfer to work under another manager, to which Shaw responded by stating that she would get back to him about it.

12. A few days later, while waiting for Shaw to get back to him, Taylor's unwelcomed sexual harassment of James escalated to the point where she inappropriately ran her hand down his back and offensively touched him on his buttocks and when he informed her that her action was unwelcomed, she threatened to pinch his buttocks next time.

13. At the time of this incident, Shaw was not present at the facility, so James complained to the NVI/ABCE optometrist on duty and the receptionist.

14. Several days later, James requested time off from Shaw in connection with an unexpected medical emergency experienced by his living out-of-state mother in order to care for his mother.

15. Shaw informed James that the only way he could do that would be to temporarily resign his employment and then simply re-apply and resume his NVI/ABCE employment.

16. In reliance upon Shaw's assurance, James agreed to resign, but when he tried to apply for his job again only a few days later, he was told there was no job available for him, thus ending his NVI/ABCE employment.

17. As a direct and proximate result of Defendant's above-described actions, James experienced damages in the form of lost wages as well as mental pain, suffering, and anguish and loss of enjoyment of life damages. Furthermore, Defendant's above-described actions in violating Title VII and/or TLC Chapter 21 were undertaken willfully, recklessly, with malice and/or reckless indifference.

18. James has satisfied all Title VII/TLC Chapter 21 claim administrative prerequisites, to include the timely filing of a Charge/Complaint of Discrimination with the EEOC/Texas Workforce Commission, and within the requisite right to sue letter time frames.

IV.

19. The allegations contained in paragraphs 1 through 18, *supra*, are fully incorporated herein with respect to each and every claim set forth below.

### A. FIRST CAUSE OF ACTION: TITLE VII – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

20. Defendant, as described above, unlawfully subjected James to sexual harassment and/or gender-based hostile work environment discrimination in violation of Title VII.

21. As a direct and proximate result of Defendant's actions as described above, James suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, James is entitled to and sues Defendant for such actual damages as permitted by law.

22. Defendant's above-described actions were willfully or recklessly undertaken by Defendant against James. Accordingly, James is entitled to and sues Defendant for punitive damages in the maximum amount permitted by law.

23. James is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

24. James hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### B. SECOND CAUSE OF ACTION: TLC CHAPTER 21 – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

25. Defendant, as described above, unlawfully subjected James to sexual harassment and/or gender-based hostile work environment in violation of TLC Chapter 21.

26. As a direct and proximate result of Defendant's actions as described above, James suffered actual damages in the form of lost wages, past and future, as well as lost or replacement

employment-offered benefits. Accordingly, James is entitled to and sues Defendant for such actual damages as permitted by law.

27. As a direct and proximate result of Defendant's actions as described above, James suffered compensatory damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life. Accordingly, James is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

28. Defendant's actions as described above were done with malice and/or with reckless indifference to James' state protected rights. Accordingly, James is entitled to and sues Defendant for exemplary damages in the maximum amount permitted by law.

29. James is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

30. James hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

*C. THIRD CAUSE OF ACTION*: TITLE VII – UNLAWFUL RETALIATION

31. Defendant, as described above, unlawfully subjected James to unlawful retaliation in violation of Title VII.

32. As a direct and proximate result of Defendant's actions as described above, James suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, James is entitled to and sues Defendant for such actual damages as permitted by law.

33. As a direct and proximate result of Defendant's actions as described above, James suffered compensatory damages in the form of mental pain, suffering, anguish and loss of enjoyment of life. Accordingly, James is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

34. Defendant's unlawful actions as described above were done with malice and/or with

reckless indifference to James' federally protected rights. Accordingly, James is entitled to and sues Defendant for punitive damages in the maximum amount permitted by law.

35. James is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

36. James hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### D. FOURTH CAUSE OF ACTION: TLC CHAPTER 21 – UNLAWFUL RETALIATION

37. Defendant unlawfully subjected James to retaliation origin in violation of the Texas Labor Code, Chapter 21.

38. As a direct and proximate result of Defendant's actions as described above, James suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, James is entitled to and sues Defendant for such actual damages as permitted by law.

39. As a direct and proximate result of Defendant's actions as described above, James suffered compensatory damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life. Accordingly, James is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

40. Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to James' state protected rights. Accordingly, James is entitled to and sues Defendant for exemplary damages in the maximum amount permitted by law.

41. James is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

42. James hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

## V.
## JURY DEMAND

43. Plaintiff exercises his right to and requests a trial by jury.

## VI.
## DAMAGES

For these reasons, and for each cause of action described above, Plaintiff asks for judgment against Defendant for the following:

A. Lost wages in the form of back pay, including wages and benefits from the time of Plaintiff's termination to time of trial.

B. Lost wages in the form of front pay, including wages and benefits from the time of trial into the future.

C. Cost of lost or replacement employment benefits and out of pocket expenses incurred, as a result of the loss of employment-offered benefits.

D. Compensatory damages in the maximum amount permitted by law, under Title VII.

E. Compensatory damages in the maximum amount permitted by law, under TLC Chapter 21.

F. Exemplary damages in the maximum amount permitted by law, under TLC Chapter 21.

G. Punitive damages in the maximum amount permitted by law, under Title VII.

H. Attorneys' fees and costs.

I. Pre- and post judgment interest at the maximum rate allowed by law.

J. Injunctive relief granting notice to employees of any judgment along with notice of their statutory rights to bring similar claims to the US Equal Employment Opportunity Commission and/or respective state agencies.

K. Injunctive relief for monitoring and reporting of Title VII and/or TLC Chapter 21 violations.

L. Injunctive relief requiring training of employees as to the requirements under Title VII and/or TLC Chapter 21.

M. Injunctive relief of reinstatement or, alternatively, front pay.

*WHEREFORE*, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and that, following a trial on the merits, Plaintiff receive all relief requested as well as such other and further relief to which he is justly entitled.

Respectfully submitted,

**LAW OFFICE OF DALE M. RODRIGUEZ**
450 Century Parkway, Suite 250
Allen, Texas 75013
Phone: 214-713-4665
Fax:    888-717-7542
dale@dmrlawoffice.com


By:   /s/ Dale M Rodriguez
         Dale M. Rodriguez
         *Texas Bar No. 00788302*
         *Florida Bar No. 0780081*

*Lead Counsel for Plaintiff*


### CERTIFICATE OF SERVICE

This is the Original Complaint. Service will be made either by waiver of service or by summons issued by the Clerk of the Court.

  /s/ Dale M Rodriguez
       Dale M. Rodriguez